Titone, J.
(dissenting). I must dissent. In my view, the manner in which defendant’s statements were elicited was totally inconsistent with the most fundamental aspects of his right to counsel. Accordingly, I would affirm the order from which the People now appeal.
The source of my disagreement with the majority is its conclusion that a person who has been brought into a courtroom under subpoena and required to answer questions under oath has not been interrogated under the auspices of the government. Whatever private agreements may have been made between defendant and Rosario’s attorney, there was no indication on the record of the suppression hearing that defendant’s appearance at Rosario’s trial was anything but one resulting from service of compulsory process. Moreover, the supervision of the proceeding by a Federal Judge was alone sufficient basis to conclude that defendant’s statements were made with the direct participation of the State.
Having concluded that subpoenaed testimony given in a courtroom is no less the product of governmental action than are statements elicited in a police station, I must further conclude that the use of such testimony at defendant’s State trial violated his right to counsel. Defendant was both actually represented and the subject of a criminal prosecution arising out of the same incident at the time he testified. Accordingly, under our State’s Constitution (NY Const, art I, § 6), he had an indelible right to counsel that could not be waived in the absence of counsel (see, People v Skinner, 52 NY2d 24; People v Settles, 46 NY2d 154; People v Hobson, 39 NY2d 479). Any waiver of his rights, either to remain silent or to be represented, was thus ineffectual, since defendant was clearly unrepresented at the proceeding.*
Even more fundamentally, despite the obvious jeopardy in which he had been placed, there is no indication that defen *540 dont was ever advised by the presiding Federal Judge that he had a right to consult with an attorney before testifying or, for that matter, that he had a right to refrain from testifying entirely in light of his own potential liability. As a consequence, there is not even a basis for inferring that his waiver of both his State and Federal constitutional rights was an informed one. Certainly, we would not permit a witness with potential criminal liability to testify under such circumstances in our State’s courts. To allow testimony taken under these circumstances in Federal court to be admitted as evidence in defendant’s State trial is, in my view, to cast aside our most fundamental notions of fairness.
In short, the facts presented here do not require an attenuated extension of the right to counsel, but rather go to the very heart of that basic constitutional right. Because I cannot justify the admission of statements obtained under these conditions, I must respectfully dissent.
Chief Judge Wachtler and Judges Meyer, Simons, Alexander and Hancock, Jr., concur with Judge Kaye; Judge Titone dissents and votes to affirm in a separate opinion.
Order reversed, etc.

 Whatever their prior relationship may have been, it is clear that Rosario’s attorney, Sussman, was not protecting defendant’s interests at Rosario’s trial.